# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-CR-080-001-CVE |
| v. ) | |
| ) | USM Number: 10171-062 |
| KEENAN DANCELL VERNER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to remit fine (Dkt. # 48). In October 2007 defendant was sentenced to an aggregate imprisonment term of 96 months after having entered a plea guilty to possession with intent to distribute marijuana and possession of firearm after former conviction of felony. The Court also imposed $200 in special assessments and ordered a $1,000 fine. Defendant has paid $235 toward his criminal debt. Because payments are first applied to the special assessment, defendant has fully satisfied the $200 owed toward the special assessments, leaving the balance of the court-ordered fine at $965. In April 2012 defendant moved for reduction of fine (Dkt. # 46), claiming he did not have the ability to pay because health issues limit his family's ability to contribute to his prison commissary account. The Court dismissed the motion for lack of jurisdiction because 18 U.S.C. § 3573 bars the district court from waiving or remitting a fine absent a motion by the United States. See Dkt. # 47. The Court did modify the fine payment schedule to make clear that defendant is not required to participate in the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) (Dkt. # 47, at 2-3). Defendant again moves to waive the balance of the court-ordered fine, arguing afresh that he does not have the ability to pay.

Defendant has moved for remission of the fine which, pursuant to § 3573, only the United States may seek by showing that reasonable collection efforts are not likely to be effective. See United States v. Seale, 20 F.3d 1279, 1786 (3rd Cir. 1994); and United States v. Linker, 920 F.2d 1 (7th Cir. 1990). The statute reflects Congress's intent to assure that fines are collected. A fine is intended to be punitive and to reflect a defendant's eventual ability to pay. Should defendant's economic circumstances or employability permanently change, the Court may adjust the payment schedule pursuant to § 3572(d)(3), but a district court without jurisdiction to waive or remit the fine absent a showing by the United States that collection efforts will prove fruitless.

The IFRP has a valid penological purpose, to encourage inmates to develop a plan to meet various financial obligations, including orders to pay a fine. Program policies provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. See BOP Policy Statement PS380.08(b). In the Court's order modifying fine payment schedule (Dkt. # 47, at 2-3), the Court imposed a minimum fine payment schedule of $25 per quarter or $8.33 per month. This minimum payment amount is, absent disciplinary restrictions or a lasting work disability, generally consistent with institution pay scales, maintaining a minimum inmate savings account, and making a quarterly fine payment of $25.

Defendant's motion to remit fine (Dkt. # 48) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 16th day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE